THOMAS A. WOODS (SB #210050)
thomas.woods@stoel.com
CONNOR W. OLSON (SB #291493)
connor.olson@stoel.com
STOEL RIVES LLP
500 Capitol Mall, Suite 1600
Sacramento, CA  95814
Telephone:  (916) 447-0700
Facsimile:  (916) 447-4781

Attorneys for Defendant
Select Portfolio Servicing, Inc.; Deutsche Bank
National Trust Company, as Trustee for Long Beach
Mortgage Loan Trust 2006-7

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN L. PURDY and CHRISTOPHER M. PURDY, <br><br> Plaintiffs, <br><br> v. <br><br> SELECT PORTFOLIO SERVICING, INC.; DEUTSCHE BANK NATIONAL TRUST COMPANY; JPMORGAN CHASE BANK, N.A.; CLEAR RECON CORP.; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. 4:16-CV-02693-DMR <br><br> ANSWER TO COMPLAINT |

1  Defendants Select Portfolio Servicing, Inc. ("SPS") and Deutsche Bank National Trust

2  Company, as Trustee for Long Beach Mortgage Loan Trust 2006-7 ("the Trust") (collectively,

3  "Defendants") hereby answer the Complaint of Plaintiffs Karen L. Purdy and Christopher M.

4  Purdy ("Plaintiffs") as follows:

5  **THE PARTIES**

6  *Plaintiff*

7  1.      Answering Paragraph 1 of the Complaint, Defendants admit that Plaintiffs are the

8  borrowers of a mortgage loan for property located at 2244 Buckskin Road, Livermore, CA 94551

9  located in the County of Alameda, in the State of California ("Property").  Except as specifically

10  admitted herein, Defendants lack sufficient knowledge or information to determine the truth of

11  the remaining allegations, and therefore deny each and every remaining allegation in this

12  paragraph

13  *Defendants*

14  2.      Answering Paragraph 2 of the Complaint, SPS admits that it is registered to do

15  business in the state of California and that it is the mortgage servicer of Plaintiffs' loan.  Except

16  as specifically admitted herein, Defendants deny each and every remaining allegation in this

17  paragraph.

18  3.      Answering Paragraph 3 of the Complaint, the Trust admits that it is registered to

19  do business in the State of California and is the Trustee for Long Beach Mortgage Loan Trust

20  2006-7. Except as specifically admitted herein, Defendants deny each and every remaining

21  allegation in this paragraph.

22  4.      Answering Paragraph 4 of the Complaint, Defendants state that the allegations

23  contained therein are directed to another Defendant, and that no response from Defendants is

24  therefore required.  To the extent a response from Defendants is required, Defendants state that

25  they lack sufficient knowledge or information to determine the truth of the allegations therein

26  and, on that basis, deny the truth of such allegations.

27  5.      Answering Paragraph 5 of the Complaint, Defendants state that the allegations

28  contained therein are directed to another Defendant, and that no response from Defendants is

therefore required.  To the extent a response from Defendants is required, Defendants state that they lack sufficient knowledge or information to determine the truth of the allegations therein and, on that basis, deny the truth of such allegations.

6.      Answering Paragraph 6 of the Complaint, Defendants deny all allegations therein.

7.      Answering Paragraph 7 of the Complaint, Defendants deny all allegations therein.

## JURISDICTION AND VENUE

8.      Answering Paragraph 8 of the Complaint, Defendants admit that this Court has jurisdiction to hear this matter.   Except as specifically admitted herein, Defendants deny each and every remaining allegation in this paragraph.

9.      Answering Paragraph 9 of the Complaint, Defendants admit that this Court has jurisdiction to hear this matter.   Except as specifically admitted herein, Defendants deny each and every remaining allegation in this paragraph.

10.     Answering Paragraph 10 of the Complaint, Defendants admit this action arises in the State of California, County of Alameda. Except as specifically admitted herein, Defendants deny each and every remaining allegation in this paragraph.

11.     Answering Paragraph 11 of the Complaint, Defendants admit that they conduct business within California. Except as specifically admitted herein, Defendants deny each and every remaining allegation in this paragraph.

12.     Answering Paragraph 12 of the Complaint, Defendants admit that  venue is proper in this Court. Except as specifically admitted herein, Defendants deny each and every remaining allegation in this paragraph.

## STATEMENT OF FACTS

13.     Answering Paragraph 13 of the Complaint, to the extent Plaintiffs allege the contents of a publicly recorded Deed of Trust ("DOT") concerning the Property and recorded as Document Number 2006230767 in the official records of the Alameda County Recorder's Office, the content of the DOT speaks for itself and Defendants admit the DOT contains the express

1  language therein.  Except as specifically admitted herein, Defendants deny each and every

2  remaining allegation in this paragraph.

3          14.     Answering Paragraph 14 of the Complaint, Defendants state that they lack

4  sufficient knowledge or information to determine the truth of the allegations therein and, on that

5  basis, deny the truth of such allegations.

6          15.     Answering Paragraph 15 of the Complaint, to the extent Plaintiffs allege the

7  contents of a publicly recorded Assignment of Deed of Trust ("ADOT"), concerning the Property

8  and recorded as Document Number 2010002927 in the official records of the Alameda County

9  Recorder's Office, the content of the ADOT speaks for itself and Defendants admit the ADOT

10  contains the express language therein.  Except as specifically admitted herein, Defendants deny

11  each and every remaining allegation in this paragraph.

12          16.     Answering Paragraph 16 of the Complaint, Defendants state that they lack

13  sufficient knowledge or information to determine the truth of the allegations therein and, on that

14  basis, deny the truth of such allegations.

15          17.     Answering Paragraph 17 of the Complaint, Defendants state that they lack

16  sufficient knowledge or information to determine the truth of the allegations therein and, on that

17  basis, deny the truth of such allegations.

18          18.     Answering Paragraph 18 of the Complaint, Defendants state that they lack

19  sufficient knowledge or information to determine the truth of the allegations therein and, on that

20  basis, deny the truth of such allegations.

21          19.     Answering Paragraph 19 of the Complaint, Defendants state that they lack

22  sufficient knowledge or information to determine the truth of the allegations therein and, on that

23  basis, deny the truth of such allegations.

24          20.     Answering Paragraph 20 of the Complaint, Defendants state that they lack

25  sufficient knowledge or information to determine the truth of the allegations therein and, on that

26  basis, deny the truth of such allegations.

27

28

21.     Answering Paragraph 21 of the Complaint, Defendants state that they lack sufficient knowledge or information to determine the truth of the allegations therein and, on that basis, deny the truth of such allegations.

22.     Answering Paragraph 22 of the Complaint, Defendants state that they lack sufficient knowledge or information to determine the truth of the allegations therein and, on that basis, deny the truth of such allegations.

23.     Answering Paragraph 23 of the Complaint, Defendants state that they lack sufficient knowledge or information to determine the truth of the allegations therein and, on that basis, deny the truth of such allegations.

24.     Answering Paragraph 24 of the Complaint, Defendants admit that Plaintiffs' loan servicing obligations were transferred to SPS.  Defendants state that they lack sufficient knowledge or information to determine the truth of the remaining allegations therein and, on that basis, deny the truth of such allegations.

25.     Answering Paragraph 25 of the Complaint, Defendants admit that SPS and Plaintiffs communicated during or around April, 2014, regarding the loan.  Defendants also admit that if applicable to Plaintiffs' loan at any particular time, that SPS would have informed Plaintiffs that SPS does not foreclose on qualified borrowers as set forth in California's Homeowner's Bill of Rights where the borrower has submitted a completed application for a loan modification.  Except as specifically admitted and because the allegations in Paragraph 25 of the Complaint are vague, ambiguous and without specificity as time, Defendants deny the truth of such allegations.

26.     Answering Paragraph 26 of the Complaint, given that Plaintiffs provide no date or time for reference, Defendants state that they lack sufficient knowledge or information to determine the truth of the remaining allegations therein and, on that basis, deny the truth of such allegations.

27.     Answering Paragraph 27 of the Complaint, Defendants deny the truth of such allegations.

28.     Answering Paragraph 28 of the Complaint, Defendants deny the truth of such allegations.

29.     Answering Paragraph 29 of the Complaint, Defendants admit that Plaintiffs received notification that their request for a loan modification was denied.  Except as specifically admitted herein, Defendants deny each and every remaining allegation in this paragraph

30.     Answering Paragraph 30 of the Complaint, Defendants deny the truth of such allegations.

31.     Answering Paragraph 31 of the Complaint, SPS admits it would have informed Plaintiffs after the denial of a previous, completed loan modification application that a new, completed loan modification application could be submitted along with documented evidence of a material change in financial circumstance.  Except as specifically admitted, and because Plaintiffs provide no date or time for reference, Defendants state that they lack sufficient knowledge or information to determine the truth of the remaining allegations therein and, on that basis, deny the truth of such allegations.

32.     Answering Paragraph 32 of the Complaint, because Plaintiffs provide no date or time for reference, Defendants state that they lack sufficient knowledge or information to determine the truth of the remaining allegations therein and, on that basis, deny the truth of such allegations.

33.     Answering Paragraph 33 of the Complaint, Defendants admit that Plaintiffs submitted at least one incomplete application for a loan modification and that Plaintiffs were informed of that fact.  Except as specifically admitted, Defendants deny the truth of such allegations.

34.     Answering Paragraph 34 of the Complaint, Defendants deny the truth of such allegations.

35.     Answering Paragraph 35 of the Complaint, because Plaintiffs provide no date or time for reference, Defendants state that they lack sufficient knowledge or information to determine the truth of the remaining allegations therein and, on that basis, deny the truth of such allegations.

36.     Answering Paragraph 36 of the Complaint, because Plaintiffs provide no date or time for reference, Defendants state that they lack sufficient knowledge or information to determine the truth of the remaining allegations therein and, on that basis, deny the truth of such allegations.

37.     Answering Paragraph 37 of the Complaint, Defendants deny the truth of such allegations.

38.     Answering Paragraph 38 of the Complaint, Defendants admit that Plaintiffs were assigned a "single point of contact" and that this contact was comprised of an individual or team of personnel each of whom had the ability and authority to perform responsibilities required by law concerning Plaintiffs' account.  Except as specifically admitted and because Plaintiffs provide no date or time for reference, Defendants state that they lack sufficient knowledge or information to determine the truth of the remaining allegations therein and, on that basis, deny the truth of such allegations.

39.     Answering Paragraph 39 of the Complaint, because the allegations contained therein directly contradict the other allegations in Plaintiffs' Complaint and Plaintiffs also provide no date or time for reference, Defendants state that they lack sufficient knowledge or information to determine the truth of the remaining allegations therein and, on that basis, deny the truth of such allegations.

40.     Answering Paragraph 40 of the Complaint, to the extent Plaintiffs alleges the contents of a publicly recorded Notice of Default and Election to Sell Under Deed of Trust ("NOD") concerning the Property and recorded as Document Number 2015256406 in the official records of the Alameda County Recorder's Office, the content of the NOD speaks for itself and Defendants admit the NOD contains the express language therein.  Except as specifically admitted herein, Defendants deny each and every remaining allegation in this paragraph.

41.     Answering Paragraph 41 of the Complaint, Defendants deny the truth of such allegations.

42.     Answering Paragraph 42 of the Complaint, Defendants deny the truth of such allegations.

43.     Answering Paragraph 43 of the Complaint, Defendants deny the truth of such allegations.

44.     Answering Paragraph 44 of the Complaint, to the extent Plaintiffs allege the contents of a publicly recorded Notice of Trustee's Sale ("NTS") concerning the Property and recorded as Document Number 2016033979 in the official records of the Alameda County Recorder's Office, the content of the NTS speaks for itself and Defendants admit the NTS contains the express language therein.  Except as specifically admitted herein, Defendants deny each and every remaining allegation in this paragraph.

45.     Answering Paragraph 45 of the Complaint, Defendants deny the truth of such allegations.

46.     Answering Paragraph 46 of the Complaint, Defendants deny the truth of such allegations.

47.     Answering Paragraph 47 of the Complaint, Defendants deny the truth of such allegations.

48.     Answering Paragraph 48 of the Complaint, Defendants admit that they have complied with this state's requirements toward a non-judicial foreclosure sale.  Defendants deny the truth of the remaining allegations.

49.     Answering Paragraph 49 of the Complaint, Defendants deny the truth of such allegations.

50.     Answering Paragraph 50 of the Complaint, Defendants deny the truth of such allegations.

51.     Answering Paragraph 51 of the Complaint, Defendants deny that Plaintiffs are entitled to any of the requested relief.

## FIRST CAUSE OF ACTION
### VIOLATION OF CALIFORNIA HOMEOWNER BILL OF RIGHTS
#### (Against All Defendants)

52.     In response to Paragraph 52 of the Complaint, Defendants reallege their responses to Paragraphs 1- 51.

53.     Answering Paragraph 53 of the Complaint, Plaintiffs allege the contents of the California Homeowner's Bill of Rights, the Civil Code, or other statues or regulations, and the statues and regulations speak for themselves, and Defendants deny Plaintiffs' allegations to the extent they are inconsistent with the contents of those statutes and regulations.  Except as specifically admitted herein, Defendants deny each and every remaining allegation in this paragraph.

54.     Answering Paragraph 54 of the Complaint, Plaintiffs allege the contents of the California Homeowner's Bill of Rights, the Civil Code, or other statues or regulations, and the statues and regulations speak for themselves, and Defendants deny Plaintiffs' allegations to the extent they are inconsistent with the contents of those statutes and regulations.  Except as specifically admitted herein, Defendants deny each and every remaining allegation in this paragraph.

55.     Answering Paragraph 55 of the Complaint, Plaintiffs allege the contents of the California Homeowner's Bill of Rights, the Civil Code, or other statues or regulations, and the statues and regulations speak for themselves, and Defendants deny Plaintiffs' allegations to the extent they are inconsistent with the contents of those statutes and regulations.  Except as specifically admitted herein, Defendants deny each and every remaining allegation in this paragraph.

56.     Answering Paragraph 56 of the Complaint, Defendants deny the truth of such allegations.

57.     Answering Paragraph 57 of the Complaint, Plaintiffs allege the contents of the California Homeowner's Bill of Rights, the Civil Code, or other statues or regulations, and the statues and regulations speak for themselves, and Defendants deny Plaintiffs' allegations to the extent they are inconsistent with the contents of those statutes and regulations.  Except as specifically admitted herein, Defendants deny each and every remaining allegation in this paragraph.

58.     Answering Paragraph 58 of the Complaint, Defendants deny the truth of such allegations.

59. Answering Paragraph 59 of the Complaint, Defendants deny the truth of such allegations.

60. Answering Paragraph 60 of the Complaint, Plaintiffs allege the contents of the California Homeowner's Bill of Rights, the Civil Code, or other statues or regulations, and the statues and regulations speak for themselves, and Defendants deny Plaintiffs' allegations to the extent they are inconsistent with the contents of those statutes and regulations. Except as specifically admitted herein, Defendants deny each and every remaining allegation in this paragraph.

61. Answering Paragraph 61 of the Complaint, Defendants deny the truth of such allegations as they relate to SPS, and lack sufficient information or knowledge to determine the truth of the allegations as they relate to CHASE, and, on that basis, deny the truth of such allegations.

62. Answering Paragraph 62 of the Complaint, Plaintiffs allege the contents of the California Homeowner's Bill of Rights, the Civil Code, or other statues or regulations, and the statues and regulations speak for themselves, and Defendants deny Plaintiffs' allegations to the extent they are inconsistent with the contents of those statutes and regulations. Except as specifically admitted herein, Defendants deny each and every remaining allegation in this paragraph.

63. Answering Paragraph 63 of the Complaint, Defendants deny the truth of such allegations.

64. Answering Paragraph 64 of the Complaint, Defendants state that they lack sufficient knowledge or information to determine the truth of the allegations therein and, on that basis, deny the truth of such allegations. To the extent Plaintiffs allege the contents of the California Homeowner's Bill of Rights, the Civil Code, or other statues or regulations, the statues and regulations speak for themselves, and Defendants deny Plaintiffs' allegations to the extent they are inconsistent with the contents of those statutes and regulations. Defendants otherwise admit the contents of those statutes and regulations. Except as specifically admitted herein, Defendants deny each and every remaining allegation in this paragraph.

65. Answering Paragraph 65 of the Complaint, Defendants deny the truth of such allegations.

66. Answering Paragraph 66 of the Complaint, Defendants deny the truth of such allegations.

## SECOND CAUSE OF ACTION
**STATUTORY UNFAIR COMPETITION – CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200 ET SEQ.**
**(Against All Defendants)**

67. In response to Paragraph 56 of the Complaint, Defendants reallege their responses to Paragraphs 1- 56.

68. Answering Paragraph 68 of the Complaint, Defendants deny the truth of such allegations.

69. Answering Paragraph 69 of the Complaint, Defendants deny the truth of such allegations.

70. Answering Paragraph 70 of the Complaint, Defendants deny the truth of such allegations.

71. Answering Paragraph 71 of the Complaint, Defendants deny the truth of such allegations.

72. Answering Paragraph 72 of the Complaint, Defendants deny the truth of such allegations.

73. Answering Paragraph 73 of the Complaint, Defendants deny the truth of such allegations.

74. Answering Paragraph 74 of the Complaint, Defendants deny the truth of such allegations.

75. Answering Paragraph 75 of the Complaint, Defendants deny the truth of such allegations.

### THIRD CAUSE OF ACTION
### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
**(Against All Defendants)**

76.     In response to Paragraph 76 of the Complaint, Defendants reallege their responses to Paragraphs 1 - 75.

77.     Answering Paragraph 77 of the Complaint, Defendants deny the truth of such allegations.

78.     Answering Paragraph 78 of the Complaint, Defendants admit that Plaintiffs entered into a loan agreement in 2006.  Defendants deny the truth of the remaining allegations.

79.     Answering Paragraph 79 of the Complaint, Defendants state that they lack sufficient knowledge or information to determine the truth of the allegations therein and, on that basis, deny the truth of such allegations.

80.     Answering Paragraph 80 of the Complaint, Defendants admit that Plaintiffs entered into a loan agreement in 2006.  Defendants deny the truth of the remaining allegations.

81.     Answering Paragraph 81 of the Complaint, Defendants deny the truth of such allegations.

82.     Answering Paragraph 82 of the Complaint, Defendants deny the truth of such allegations.

### FOURTH CAUSE OF ACTION
### NEGLIGENCE
**(Against All Defendants)**

83.     In response to Paragraph 83 of the Complaint, Defendants reallege their responses to Paragraphs 1 - 82.

84.     Answering Paragraph 84 of the Complaint, Defendants state that it appears no answer is necessary because the paragraph appears to be comprised entirely of legal conclusions and analysis.

85.     Answering Paragraph 85 of the Complaint, Defendants deny the truth of such allegations.

86.     Answering Paragraph 86 of the Complaint, Defendants deny the truth of such allegations.

87.     Answering Paragraph 87 of the Complaint, Defendants state that it appears no answer is necessary because the paragraph appears to be comprised entirely of legal conclusions and analysis.

88.     Answering Paragraph 88 of the Complaint, Defendants state that it appears no answer is necessary because the paragraph appears to be comprised entirely of legal conclusions and analysis.

89.     Answering Paragraph 89 of the Complaint, Defendants admit that Plaintiffs submitted certain financial information.  Defendants deny the truth of the remaining allegations.

90.     Answering Paragraph 90 of the Complaint, Defendants deny the truth of such allegations.

91.     Answering Paragraph 91 of the Complaint, Defendants deny the truth of the remaining allegations.

92.     Answering Paragraph 92 of the Complaint, Defendants state that it appears no answer is necessary because the paragraph appears to be comprised entirely of legal conclusions and analysis.  To the extent Plaintiffs make any factual claims, Defendants deny the truth of such allegations.

93.     Answering Paragraph 93 of the Complaint, Defendants deny the truth of such allegations.

94.     Answering Paragraph 94 of the Complaint, Defendants deny the truth of such allegations.

95.     Answering Paragraph 95 of the Complaint, Defendants deny the truth of such allegations.

96.     Answering Paragraph 96 of the Complaint, Defendants lack sufficient information or belief to admit or deny the truth of Plaintiffs' hypothetical situations, and, on that basis denies them.  Defendants deny the truth of the remaining allegations.

97.     Answering Paragraph 97 of the Complaint, Defendants deny the truth of such allegations.

98.     Answering Paragraph 98 of the Complaint, Defendants state that it appears no answer is necessary because the paragraph appears to be comprised entirely of legal conclusions and analysis.

**FIFTH CAUSE OF ACTION**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(Against All Defendants)**

99.     In response to Paragraph 99 of the Complaint, Defendants reallege their responses to Paragraphs 1 - 98.

100.     Answering Paragraph 100 of the Complaint, Defendants deny the truth of such allegations.

101.     Answering Paragraph 101 of the Complaint, Defendants deny the truth of such allegations.

102.     Answering Paragraph 102 of the Complaint, Defendants deny the truth of such allegations.

103.     Answering Paragraph 103 of the Complaint, Defendants deny the truth of such allegations.

104.     Answering Paragraph 104 of the Complaint, Defendants deny that Plaintiffs are entitled to any damages.

**SIXTH CAUSE OF ACTION**
**BREACH OF EQUAL CREDIT OPPORTUNITY ACT**
**(Against All Defendants)**

105.     In response to Paragraph 105 of the Complaint, Defendants reallege their responses to Paragraphs 1 – 104.

106.     Answering Paragraph 106 of the Complaint, Plaintiffs allege the contents of the California Homeowner's Bill of Rights, the Civil Code, or other statues or regulations, and the statues and regulations speak for themselves, and Defendants deny Plaintiffs' allegations to the extent they are inconsistent with the contents of those statutes and regulations.  Except as

1   specifically admitted herein, Defendants deny each and every remaining allegation in this

2   paragraph.

3       107.    Answering Paragraph 107 of the Complaint, Defendants deny the truth of such

4   allegations.

5       108.    Answering Paragraph 108 of the Complaint, Defendants state that it appears no

6   answer is necessary because the paragraph appears to be comprised entirely of legal conclusions

7   and analysis.  To the extent Plaintiffs make any factual claims, Defendants deny the truth of such

8   allegations.

9       109.    Answering Paragraph 109 of the Complaint, Defendants state that it appears no

10  answer is necessary because the paragraph appears to be comprised entirely of legal conclusions

11  and analysis.  To the extent Plaintiffs make any factual claims, Defendants deny the truth of such

12  allegations.

13      110.    Answering Paragraph 110 of the Complaint, Defendants deny that Plaintiffs are

14  entitled to any damages.

## SEVENTH CAUSE OF ACTION
### FOR DECLARATORY RELIEF
### (Against All Defendants)

17      111.    In responding to Paragraph 111 of the Complaint, Defendants reallege their

18  responses to Paragraphs 1 – 110.

19      112.    Answering Paragraph 112 of the Complaint, Defendants admit that a dispute has

20  arisen with respect to the rights and responsibilities of the parties.

21      113.    Answering Paragraph 113 of the Complaint, Defendants deny that Plaintiffs are

22  entitled to the requested judicial declaration and deny the allegations requested therein.

23      114.    Answering Paragraph 114 of the Complaint, Defendants deny the truth of such

24  allegations.

25      115.    Answering Paragraph 115 of the Complaint, Defendants deny the truth of such

26  allegations.

27

28

1
2

## EIGHTH CAUSE OF ACTION
### FOR INJUNCTIVE RELIEF
**(Against All Defendants)**

3      116.    In responding to Paragraph 116 of the Complaint, Defendants reallege their

4  responses to Paragraphs 1 – 115.

5      117.    Answering Paragraph 117 of the Complaint, Defendants admit that a dispute has

6  arisen with respect to the rights and responsibilities of the parties.

7      118.    Answering Paragraph 118 of the Complaint, Defendants deny that Plaintiffs are

8  entitled to the requested injunctive relief and deny the allegations requested therein.

9      119.    Answering Paragraph 119 of the Complaint, Defendants deny the truth of such

10  allegations.

11      120.    Answering Paragraph 120 of the Complaint, Defendants deny the truth of such

12  allegations.

13

## ANSWER TO PRAYER FOR RELIEF

14      To the extent that any response is required to the prayer for relief and judgment, Defendants

15  deny the allegations contained therein, and any entitlement of Plaintiffs to any relief whatsoever.

16

## AFFIRMATIVE DEFENSES

17      The following affirmative defenses are alleged by Defendants, and except as expressly

18  stated otherwise, each defense applies to the entire Complaint and to each purported cause of

19  action or claim for relief therein.  Defendant reserves the right to amend or withdraw any or all

20  defenses or to raise any and all additional defenses as or after they may become known during or

21  after the course of investigation, discovery, or trial.

22      No assertion of any affirmative defense shall constitute either (a) an admission or

23  agreement that Plaintiff does not bear the burden of proof or the burden of producing evidence on

24  any element of any cause of action or claim for relief or on any issue as to which a plaintiff bears

25  the burden of proof or the burden of producing evidence as a matter of law, or (b) a waiver of any

26  of Defendant's rights to require that Plaintiff satisfy any burden of proof or burden of producing

27  evidence.

28

1

**FIRST AFFIRMATIVE DEFENSE**

2

**(Failure to State a Cause of Action)**

3

The Complaint, and each cause of action in it, does not allege facts sufficient to state a

4

cause of action or claim for relief.

5

**SECOND AFFIRMATIVE DEFENSE**

6

**(Causation)**

7

Any purported loss, damage, or injury suffered by Plaintiffs was not caused by any act or

8

omission, wrongful or otherwise, of Defendants, who acted in good faith at all times in

9

connection with the matters alleged in the Complaint.

10

**THIRD AFFIRMATIVE DEFENSE**

11

**(Lack of Standing)**

12

Plaintiffs' Complaint, and each and every cause of action asserted therein, are barred

13

because Plaintiffs lacks standing to bring the asserted claims.

14

**FOURTH AFFIRMATIVE DEFENSE**

15

**(Failure to State a Claim Upon Which Relief Can Be Granted)**

16

Plaintiffs' Complaint, and each and every cause of action asserted therein, are barred

17

because it fails to state a claim upon which relief can be granted.

18

**FIFTH AFFIRMATIVE DEFENSE**

19

**(Contract Terms)**

20

Plaintiffs' Complaint, and each and every cause of action asserted therein, are barred in

21

whole or part, by virtue of the terms and provisions of deed(s) of trust and/or promissory note(s)

22

securing the loan at issue.

23

**SIXTH AFFIRMATIVE DEFENSE**

24

**(Waiver)**

25

Plaintiffs' Complaint, and each and every cause of action asserted therein, are barred

26

because Plaintiffs has waived her right to complain of the acts or conduct alleged in the

27

Complaint.

28

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiffs' Complaint, and each and every cause of action asserted therein, are barred because Plaintiffs is estopped from complaining of the acts or conduct alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Consent/Ratification)

Plaintiffs' Complaint, and each and every cause of action asserted therein, are barred because Plaintiffs ratified all conduct surrounding the occurrences alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiffs' Complaint, and each and every cause of action asserted therein, are barred because the equitable doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Own Conduct)

Plaintiffs' Complaint, and each and every cause of action asserted therein, are barred to the extent that damages are the result of acts or omissions committed by Plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Apportionment of Fault)

If Plaintiff's alleged damages were proximately caused by the conduct of more than one entity or individual, any recovery must be apportioned as to the fault of each.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiffs' recovery, if any, should be barred to the extent Plaintiffs failed to mitigate, minimize, or avoid some or all of the injury or damage alleged in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Fully Perform)

Plaintiffs' Complaint, and each and every cause of action asserted therein, are barred because she has failed to and cannot fully perform her obligations to Defendants, including

1  contractual allegations.

2  **FOURTEENTH AFFIRMATIVE DEFENSE**

3  **(Justification/Privilege)**

4  Plaintiffs' Complaint, and each and every cause of action asserted therein, are barred

5  because Defendant's acts and/or omissions were justified and/or privileged under statutory and/or

6  common law.

7  **FIFTEENTH AFFIRMATIVE DEFENSE**

8  **(Good Faith)**

9  Plaintiffs' Complaint, and each and every cause of action asserted therein, are barred

10  because, at all times complained of, Defendants acted without malice and in good faith, and all

11  actions taken by Defendants were taken for lawful reasons and in good faith.

12  **SIXTEENTH AFFIRMATIVE DEFENSE**

13  **(Unclean Hands)**

14  Plaintiffs' Complaint, and each and every cause of action asserted therein, are barred

15  because of the doctrine of unclean hands.

16  **SEVENTEENTH AFFIRMATIVE DEFENSE**

17  **(Speculative and Uncertain Damages)**

18  Plaintiffs' Complaint, and each and every cause of action asserted therein, are barred

19  because the damages she seeks are speculative and uncertain.

20  **EIGHTEENTH AFFIRMATIVE DEFENSE**

21  **(Legitimate Business Reasons)**

22  Plaintiffs' Complaint, and each alleged cause of action contained therein, is barred in

23  whole or in part in that Defendant's actions at all relevant times were taken for legitimate

24  business reasons in good faith based on Defendants' knowledge of the circumstances then

25  existing.

26

27

28

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Cal. Civ. Code § 2923.4(b))**

Plaintiffs' Complaint, and each and every cause of action asserted therein, are barred by application of California Civil Code section 2923.4(b) to the extent one or more Answering Defendants is party to the National Mortgage Settlement.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Cal. Civ. Code § 2924.12(b)(c) - Cure)**

Plaintiffs' Complaint, and each and every cause of action asserted therein, are barred because Defendants and/or their agents have cured any alleged violation of law.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiffs' Complaint, and each and every cause of action asserted therein, are barred because Plaintiffs failed to mitigate damages and therefore is not entitled to the damages sought in the Complaint.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(No Damages Suffered)**

Plaintiffs' Complaint, and each and every cause of action asserted therein, are barred because Plaintiff has not suffered any damages and therefore is not entitled to relief.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Failure to Submit Completed Application)**

Plaintiffs' Complaint fails to allege any claims under the Equal Credit Opportunity Act because they failed to submit a complete application.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Allege Discrimination)**

Plaintiffs' Complaint fails to allege any claims under the Equal Credit Opportunity Act because they have not alleged an discrimination by Defendants.

1

## **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

2

### **(Failure to Allege Tender)**

3

Plaintiffs' Complaint is barred by their failure to alleged the ability to tender.

4

## **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

5

### **(Reservation of Other Defenses)**

6 Plaintiffs' Complaint does not describe Plaintiffs' claims with particularity to enable

7 Defendants to determine what responses it may have in response to such claims.  Further,

8 Defendants do not have sufficient knowledge or information on which to form a belief as to

9 whether it has additional, as yet unstated, affirmative defenses available.  Defendants therefore

10 reserve the right to assert additional affirmative defenses for which they develop factual support

11 pending the outcome of discovery or otherwise.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   / / /

28   / / /

1    WHEREFORE, Defendants pray for judgment as follows:

2    1.    That Plaintiffs take nothing by way of damages or other relief and that Defendants

3 have no obligation to pay any sum or sums to or for the benefit of Plaintiffs or any other person

4 on account of or based upon any matters referenced in the Complaint;

5    2.    That judgment be entered in favor of Defendants and against Plaintiffs on each and

6 every cause of action or claim for relief;

7    3.    For attorneys' fees, costs of suit and all other fees, interest, and costs allowed at

8 law or in equity; and

9    4.    For such other and further relief as the court may deem just and proper.

10

11 DATED:  June 16, 2016                    STOEL RIVES LLP

12

13                                      By:/s/Connor W. Olson
                                            THOMAS A. WOODS
14                                          CONNOR W. OLSON
                                            Attorneys for Defendant
15                                          Select Portfolio Servicing, Inc.; Deutsche
                                            Bank National Trust Company, as Trustee
16                                          for Long Beach Mortgage Loan Trust
                                            2006-7
17

18

19

20

21

22

23

24

25

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

ANSWER TO COMPLAINT                    -22-

86748960.1 0052161-03482